UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 66 CDP |
| | ) | |
| CHASE MORTGAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Ronald Williams brings this lawsuit against defendant JPMorgan Chase Bank,[1] claiming that Chase services his mortgage loan and misapplied certain of plaintiff's loan payments to plaintiff's account. Chase has moved to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff did not respond to Chase's motion or to my orders requiring him to show cause why I should not dismiss his petition. Instead, plaintiff has filed a first amended petition with the Court. Because plaintiff's amendment would be futile, I will deny him leave to amend. Furthermore, as plaintiff has not responded to Chase's motion to dismiss and has ignored my orders to show cause, I will grant the motion to dismiss.

## Background

---

[1] Defendant JPMorgan Chase Bank, N.A. was incorrectly named as Chase Mortgage, Inc. in the petition.

1

On January 12, 2018, plaintiff filed his petition and motion for temporary restraining order in the Circuit Court of the City of Saint Louis, Missouri. Defendant Chase removed the action on January 16, 2018, to the United States District Court for the Eastern District of Missouri on the basis of diversity jurisdiction. In Count I of plaintiff's petition, he seeks a temporary restraining order enjoining the foreclosure sale. In Count II, plaintiff requests a declaratory judgment that Chase's records are incorrect and to set new values for the amounts owed on plaintiff's loan.

On February 2, 2018, defendant moved to dismiss plaintiff's petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. Pursuant to Local Rule 7-4.01, plaintiff was to file a response to Chase's motion to dismiss by February 9, 2018. After plaintiff failed to respond, the Court ordered plaintiff to show cause in writing by March 30, 2018, why his claims should not be dismissed. Plaintiff failed to respond to the Court's order by this deadline.

On April 9, 2018, the Court again ordered plaintiff to show cause by April 16, 2018, why this case should not be dismissed with prejudice for the reasons stated in Chase's motion to dismiss. On April 16, 2018, plaintiff did not respond to the order to show cause, but, instead filed a first amended petition with the

Court. To date, plaintiff has failed to show cause why his claims should not be dismissed with prejudice.

## Discussion

A. <u>Plaintiff's Motion for Leave to Amend</u>

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff was permitted to amend his pleading as a matter of course 21 days after service of defendant's motion to dismiss under Rule 12(b). Plaintiff, however, filed his motion to amend 73 days after defendant filed its motion to dismiss. Accordingly, plaintiff may only amend his petition with the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

A decision whether to allow a party to amend his complaint is left to the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). While a district court "should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a)[,]…it may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." *Id.* "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[.]" *Hintz v.*

*JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 511 (8th Cir. 2012) (quotation marks and citation omitted).

In plaintiff's first amended petition, he claims Chase's negligent mishandling and misapplication of his funds was a proximate cause of his damages. He does not, however, ask for any specific relief. It is unclear exactly what claim he is attempting to assert or how his allegations support a cause of action. Moreover, plaintiff cites to no authority whatsoever to establish that his new claim under Count I is legally sufficient. As such, I find permitting amendment would be futile as the first amended petition fails to state a claim upon which relief can be granted and defendant would be prejudiced by allowing the proposed amendment.

B. <u>Defendant's Motion to Dismiss</u>

In its motion to dismiss, Chase argues that both counts in plaintiff's petition should be dismissed for failure to state a claim upon which relief can be granted. In Count I, plaintiff seeks a temporary restraining order enjoining and restraining Chase from taking steps to arrange for a non-judicial foreclosure sale on January 17, 2018, relating to plaintiff's property.[2] Count II seeks a declaratory judgment

---

[2] When the case was removed to this Court, a motion for a temporary restraining order was pending, but when contacted by the Clerk of Court to determine if an immediate hearing was needed, plaintiff's counsel informed the Clerk that he would withdraw the motion or file a memorandum explaining what he is seeking. Because counsel did not do either of these things, I ordered plaintiff to explain what he was seeking in the motion, or file a motion to withdraw it by

that Chase's records are incorrect and a recalculation of the amount owed on plaintiff's loan.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). More than labels and conclusions are required. *Twombly*, 550 U.S. at 555.

Here, Chase correctly argues that plaintiff's request for a temporary restraining order to prevent a foreclosure sale on January 17, 2018 is now moot because that date has passed and injunctive relief is unnecessary. Moreover, I note that plaintiff did not reassert his request for a TRO in his proposed first amended petition and refers to the TRO as "incorrectly presented" and a "miscommunication."

Likewise, Chase argues, and I agree, that Count II fails to state a claim. Plaintiff does not allege the elements of any substantive claim, and he fails to allege any basis for declaratory relief. To allege for entitlement to declaratory relief under Missouri law, plaintiff must demonstrate: (1) a justiciable controversy

---

April 16, 2018. Plaintiff failed to comply with the Court's order and instead filed his first amended petition.

that presents a real, substantial, presently-existing dispute as to which specific relief is sought; (2) a legally protectable interest; (3) a controversy ripe for judicial determination; and (4) an inadequate legal remedy. *Jackson Cnty. Bd. of Election Comm'rs v. City of Lee's Summit*, 277 S.W.3d 740, 743 (Mo. App. 2008). Plaintiff fails to address any of these elements or cite to any legal authority, and, therefore, does not state a claim for declaratory relief that is plausible on its face.

As noted above, plaintiff failed to timely oppose Chase's motion to dismiss and did not comply with my orders to show cause. Pursuant to both of the orders to show cause, plaintiff was explicitly warned that "if he fails to comply with this order, plaintiff's complaint will be dismissed with prejudice for the reasons stated in defendant's motion to dismiss." (ECF No. 17). Based upon the insufficiency of the petition and plaintiff's disregard for this Court's deadlines and orders, I will dismiss plaintiff's petition with prejudice for the reasons stated by Chase in its motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a first amended petition (ECF No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant JPMorgan Chase Bank, N.A.'s motion to dismiss plaintiff's petition (ECF No. 9) for failure to state a claim is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for a temporary restraining order (ECF No. 6) is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of June, 2018.